UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TAMIKA LATOI SUTTLES, | Case No. 19-CV-0667 (ECT/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ALL SECTORS THROUGH ALL NAVIGATIONAL METHODS, All DBA, City, Local, State, Federal, International, Global, etc., | |
| Defendants. | |

Plaintiff Tamika Latoi Suttles did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application and accompanying affidavits and exhibits, this Court concludes that Suttles qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the

1

provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The pleading filed by Suttles is nearly impossible to parse. Both the complaint and many of the documents submitted along with the complaint — documents with titles such as "Jurat Certificates" and replete with invocations of "Universal Supreme Common Law Jurisdiction" — bear the hallmarks of frivolous "sovereign citizen" litigation, which is all too common both in this District and elsewhere. *See CitiMortgage, Inc. v. Sellors*, No. 15-CV-1870 (PJS/TNL), 2017 WL 6398174, at *1 n.1 (D. Minn. Nov. 21, 2017). But even judged against the standards of sovereign-citizen litigation, the documents submitted by Suttles are peculiar. Even where (as is usually the case) that litigation is frivolous, the goals of that litigation are usually clear — the litigant seeks to recover money, or to avoid financial obligations, or to nullify a criminal judgment. Not here,

though; even after review of the pleading and many exhibits submitted by Suttles, this Court does not understand how she believes her rights to have been violated.[1] Never does Suttles sustain a continued theory as to why she is entitled to relief and what form that relief should take. Indeed, it is not even clear from the complaint whom the defendants to this action are supposed to be.

This matter simply cannot go forward as pleaded. Accordingly, it is recommended that this matter be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Tamika Latoi Suttles [ECF No. 2] be DENIED.

Dated: March 28, 2019                          s/ *Steven E. Rau*
                                               Steven E. Rau
                                               U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

---

[1] This is not the first time that Suttles has filed nearly incomprehensible litigation in this District. *See Latoi-Suttles v. State of Minnesota*, No. 17-CV-4066 (SRN/FLN) (D. Minn. 2017).

4

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).